

Case 2:08-cv-00565-JSL-E Document 11 Filed 03/13/08 Page 1 of 4 Page ID #:142

FILED
CLERK, U.S. DISTRICT COURT

MAR 13 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                            DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CARLTON SMITH,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>TOM FELKER, Warden,<br><br>　　　　　Respondent. | NO. CV 08-565-JSL (E)<br><br>ORDER OF DISMISSAL |

　　　Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody," on January 29, 2008. The Petition challenges Petitioner's conviction in Los Angeles Superior Court case number BA180165. On February 1, 2008, the Court issued an "Order Requiring Answer to Petition for Writ of Habeas Corpus." On February 19, 2008, Respondent filed a "Motion to Vacate Order Requiring Answer, etc." ("Motion to Vacate"). Respondent contends that the Petition is second or successive, and that Petitioner has not obtained the requisite authorization from the Ninth Circuit Court of Appeals to file a second or successive petition. On March 6, 2008, Petitioner filed a "Response" to the Motion to Vacate.

1  Petitioner previously challenged this same conviction in a prior
2  habeas corpus petition in Smith v. Adams, CV 06-2015-JSL (E). On
3  June 19, 2005, the Magistrate Judge issued a Report and Recommendation
4  in Smith v. Adams, CV 06-2015-JSL (E), recommending denial and
5  dismissal of the petition with prejudice as untimely. On October 3,
6  2006, the District Court issued an order adopting the Report and
7  Recommendation in Smith v. Adams, CV 06-2015-JSL (E). On October 5,
8  2003, judgment was entered denying and dismissing the petition in that
9  case with prejudice.

11  On March 9, 2007, Petitioner filed in the Ninth Circuit Court of
12  Appeals an application for leave to file a second or successive habeas
13  petition (Respondent's Lodgment 4). The record does not contain this
14  application. On April 6, 2007, the Ninth Circuit denied the
15  application.

17  The Court must dismiss the present Petition in accordance with
18  28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and
19  Effective Death Penalty Act of 1996"). Section 2244(b) requires that
20  a petitioner seeking to file a "second or successive" habeas petition
21  first obtain authorization from the court of appeals. See Burton v.
22  Stewart, 127 S. Ct. 793, 799 (2007) (where petitioner did not receive
23  authorization from Court of Appeal before filing second or successive
24  petition, "the District Court was without jurisdiction to entertain
25  [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir.
26  2000) ("the prior-appellate-review mechanism set forth in § 2244(b)
27  requires the permission of the court of appeals before 'a second or
28  successive habeas application under § 2254' may be commenced"); Harris

2

1 v. Felker, 2007 WL 1599990 (E.D. Cal. June 4, 2007), report and
2 recommendation adopted, 2007 WL 2326055 (E.D. Cal. Aug. 14, 2007)
3 (dismissing petition which challenged same conviction challenged in
4 previous petition, where petitioner had not obtained authorization
5 from Court of Appeal to file second or successive petition).
6 Petitioner evidently has not yet obtained authorization from the Ninth
7 Circuit Court of Appeals. Consequently, this Court cannot entertain
8 the present Petition. See Burton v. Stewart, 127 S. Ct. at 799; see
9 also Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005) (dismissal of
10 petition as barred by statute of limitations "constitutes an
11 adjudication on the merits that renders future petitions under §2254
12 challenging the same conviction 'second or successive' petitions under
13 §2244(b)"); Bridgewawter v. Scriben, 2007 WL 2262760, at *1 (S.D. Cal.
14 Aug. 3, 2007) (dismissal of prior petition as untimely renders
15 subsequent petition challenging same conviction second or successive);
16 Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003)
17 (dismissal of petition on limitations grounds "is considered an
18 adjudication of the merits for purposes of determining whether a
19 petition is successive under [section 2244(b)].").

21     In his Response, Petitioner does not dispute that the Petition is
22 second or successive, but rather argues that his alleged mental
23 illness prevented Petitioner from filing a timely petition, thus
24 assertedly entitling Petitioner to equitable tolling. This argument
25 is irrelevant to the issue of whether the Petition is second or
26 successive.
27 ///
28 ///

1    For all of the foregoing reasons, the Motion to Vacate is
2    Granted, and the Petition is denied and dismissed without prejudice.

4    LET JUDGMENT BE ENTERED ACCORDINGLY.

6    DATED: March 13, 2008.

                                         /s/ Spencer Letts
                                    _____
                                         J. SPENCER LETTS
                                    UNITED STATES DISTRICT JUDGE

13   PRESENTED this 10th day of
14   March, 2008, by:

              CHARLES F. EICK
16   /s/
     _____
         CHARLES F. EICK
17   UNITED STATES MAGISTRATE JUDGE